UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DONALD J. STANLEY,

  Plaintiff,

  v.    CAUSE NO.: 3:19-CV-633-JD-MGG

WEXFORD MEDICAL SERVICES,

  Defendant.

<u>OPINION AND ORDER</u>

  Donald J. Stanley, a prisoner without a lawyer, filed an amended complaint. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

  In the amended complaint, Stanley alleges that, on March 19, 2019, he submitted a medical request, which stated "I have a tooth that is bothering me." He submitted similar requests on April 2 and April 19. In response to each of these requests, a nurse told Stanley that he was scheduled to be seen. On September 4, 2019, dental staff found that Stanley needed emergency care and extracted a tooth. On the same day, he submitted another request but has not been seen by dental staff as of October 31, 2019.

Stanley asserts that Wexford Medical Services violated his rights under the Eighth Amendment by failing to provide timely dental care. To establish such an Eighth Amendment claim, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Corporate entities "cannot be held liable under § 1983 on a *respondeat superior* theory." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). Rather corporate liability exists only "when execution of a [corporation's] policy or custom . . . inflicts the injury." *Id.* A corporation can be held liable for "an express policy that, when enforced, causes a constitutional deprivation." *Id.* Absent an unconstitutional policy, corporate liability may be established with a showing of "a widespread practice that, although not authorized by written law or express [corporate] policy, is so permanent and well settled as to constitute a custom or usage with the force of law." *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995). The policy or custom must be the "moving force

...

behind the deprivation of his constitutional rights." *Johnson v. Cook Cty.*, 526 F. App'x 692, 695 (7th Cir. 2013). In the amended complaint, Stanley does not identify a policy or practice that caused a violation of his constitutional rights but instead alleges that Wexford Medical Services is liable because its employees did not follow its policy to provide competent health care to inmates. Therefore, Stanley may not proceed on this complaint against Wexford Medical Services.

Though Stanley did not request injunctive relief in the amended complaint, he has since filed a motion for a preliminary injunction. In that motion, he represents that, on September 4, 2019, he submitted a request to see the dentist, and he generally alleges that delays in dental care cause unnecessary pain. Upon review of Stanley's filings, the court is unable to discern a serious medical need that would warrant injunctive relief. The amended complaint and the attached medical requests indicate that Stanley had a single problematic tooth that was then extracted. Stanley offers no explanation as to why he now needs additional dental care. He also does not describe the contents of his request on September 4, 2019, or the responses he has received. In sum, these allegations are too vague to allow him to proceed on a claim of injunctive relief or to grant the instant motion.

Though the amended complaint does not state a valid claim, the court will allow Stanley an opportunity to file another amended complaint. If he chooses to file another amended complaint, he should obtain the court's approved form from the prison law library, and he must put the case number of this case on it, which is on the first page of this order. If he intends to pursue a claim against individual defendants, he should

describe his interactions with each defendant in detail, including names, dates, locations, and explain how each defendant was responsible for harming him. If he intends to pursue a claim against a corporate entity, he should identify a policy or practice that caused a violation of his constitutional rights.

For these reasons, the court:

(1) DENIES the motion for a preliminary injunction (ECF 5);

(2) GRANTS Donald J. Stanley until <u>December 23, 2019</u>, to file an amended complaint; and

(3) CAUTIONS Donald J. Stanley that, if he does not respond by that deadline, this case will be dismissed without further notice.

SO ORDERED on November 21, 2019

/s/ JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT