UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DONALD J. STANLEY,

Plaintiff,

v.

CAUSE NO.: 3:19-CV-633-JD-MGG

WEXFORD MEDICAL SERVICES, et al.,

Defendants.

OPINION AND ORDER

Donald J. Stanley, a prisoner without a lawyer, filed an amended complaint. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the amended complaint, Stanley alleges that, on March 19, 2019, he submitted a medical request, which stated "I have a tooth that is bothering me." He also submitted similar requests on April 2 and April 19. In response to each of these requests, P. Vulpitta told Stanley that he was scheduled to be seen but did not evaluate him. On September 4, 2019, a dentist found that Stanley needed emergency care and extracted a tooth. When Stanley asked for a cavity filling for another tooth, he was told that

Wexford Medical Services had a policy of only treating one tooth at a time. On the same day, he submitted another request to be seen by dental staff. On October 18, one of Stanley's teeth cracked and fell out after he fell from his bed. He told Nurse Davenport about his tooth as she delivered medication to inmates, but she did not treat him or ask him about pain. On October 31, Stanley asked Nurse Kuiper to be seen for his tooth and for pain medication, and she told him to submit a medical request. On October 31, he told Nurse Camp about his tooth as she delivered medication to inmates, but she did not evaluate or treat him. For his claim, Stanley seeks money damages.

Stanley asserts that Mrs. Vulpitta, Nurse Camp, Nurse Davenport, and Nurse Kuiper violated his rights under the Eighth Amendment by failing to provide timely dental care. To establish such an Eighth Amendment claim, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). Though these defendants may have had valid reasons for not providing Stanley with dental care sooner, the complaint

2

states a plausible Eighth Amendment claim against these defendants, and Stanley may proceed against them at this stage of the proceedings.

Stanley also asserts an Eighth Amendment claim against Wexford Medical Services. Corporate entities "cannot be held liable under § 1983 on a *respondeat superior* theory." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). Rather corporate liability exists only "when execution of a [corporation's] policy or custom . . . inflicts the injury." *Id.* A corporation can be held liable for "an express policy that, when enforced, causes a constitutional deprivation." *Id.* Absent an unconstitutional policy, corporate liability may be established with a showing of "a widespread practice that, although not authorized by written law or express [corporate] policy, is so permanent and well settled as to constitute a custom or usage with the force of law." *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995). The policy or custom must be the "moving force behind the deprivation of his constitutional rights." *Johnson v. Cook Cty.*, 526 F. App'x 692, 695 (7th Cir. 2013). The allegations plausibly suggest that Wexford Medical Services' policy of only treating one tooth at a time caused a violation of Stanley's rights under the Eighth Amendment. Therefore, Stanley may proceed against Wexford Medical Services on these allegations.

For these reasons, the court:

(1) GRANTS Donald J. Stanley leave to proceed against P. Vulpitta, Nurse Camp, Nurse Davenport, and Nurse Kuiper for money damages on an Eighth Amendment claim of deliberate indifference to serious medical needs for failing to provide him with timely dental care;

(2) GRANTS Donald J. Stanley, leave to proceed against Wexford Medical Services for money damages for maintaining a policy of providing dental care for only one tooth at a time, which resulted in a violation of his Eighth Amendment rights;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary the United States Marshals Service to serve process on) P. Vulpitta at the Indiana Department of Correction with a copy of this order and the amended complaint (ECF 9), pursuant to 28 U.S.C. § 1915(d);

(5) DIRECTS the clerk to request Waiver of Service from (and if necessary the United States Marshals Service to serve process on) P. Vulpitta,[1] Nurse Camp, Nurse Davenport, Nurse Kuiper, and Wexford Medical Services at Wexford of Indiana, LLC, with a copy of this order and the amended complaint (ECF 9), pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS the Indiana Department of Correction and Wexford of Indiana, LLC, to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service if they have such information;

(7) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), P. Vulpitta, Nurse Camp, Nurse Davenport, Nurse Kuiper, and Wexford Medical Services to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to

---

[1] Because it is unclear whether Ms. Vulpitta is employed by Wexford of Indiana or the Indiana Department of Correction, the court directs service on this defendants through both avenues.

the claims for which Donald J. Stanley has been granted leave to proceed in this screening order.

SO ORDERED on February 18, 2020

          /s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT