UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DONALD J. STANLEY, <br><br> Plaintiff, <br><br> v. <br><br> WEXFORD MEDICAL SERVICES, et al., <br><br> Defendants. | CAUSE NO. 3:19-CV-633-JD-MGG |

OPINION AND ORDER

Donald J. Stanley, a prisoner without a lawyer, proceeds on an Eighth Amendment claim of deliberate indifference to serious medical needs against P. Vulpitta for failing to provide him with timely dental care in April 2019, an Eighth Amendment claim against Nurse Camp, Nurse Davenport, and Nurse Kuiper for failing to provide him with timely dental care in October 2019 and against Wexford Medical Services for maintaining a policy of providing dental care for only one tooth at a time, which resulted in a violation of his Eighth Amendment rights in September 2019. The defendants filed a motion for summary judgment on claims, arguing that Stanley failed to exhaust his administrative remedies. The defendants also provided Stanley with the summary judgment notice required by N.D. Ind. L.R. 56-1 and a copy of both Federal Rule of Civil Procedure 56 and Local Rule 56-1. ECF 31.

In a declaration, John Harvil, grievance specialist at the Westville Correctional Facility, attested that a grievance process is available to inmates and is explained to them at orientation. ECF 30-1. The grievance policy is also available to inmates at the

law library. *Id.* This policy sets forth a four-step grievance process. *Id.* at 19-24. First, an inmate must attempt to informally resolve a complaint, typically by speaking to the staff member most directly associated with the complaint. *Id.* If the inmate is unable to resolve the complaint informally, he may file a formal grievance with the grievance specialist.[1] *Id.* If an inmate is dissatisfied with the grievance specialist's determination on a formal grievance, he may file an appeal with the warden or his designee. *Id.* Finally, if an inmate is dissatisfied with the warden's determination, he may file an appeal with the department grievance manager. *Id.*

According to the grievance records, Stanley did not file any grievances regarding his dental care. ECF 30-1 at 24-29. Stanley represents that he submitted medical requests with respect to each of his claims, which equate to informal grievances, and that he filed a formal grievance regarding his dental care on April 29, 2019, but received no response. ECF 33. He attached a medical request to his amended complaint in which he complained about a bothersome tooth and reported that a nurse had informed him that medical staff would examine him but that he had not been examined. ECF 9-1 at 3. This medical request is dated April 19, 2019, and Stanley labeled it as an informal grievance. *Id.*

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

---

[1] The defendants filed an unopposed motion to withdraw their statement of fact regarding the level of specificity required to exhaust a claim in light of *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011). ECF 36. The court grants this motion.

Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court. The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). In other words, "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.* at 1025. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

To start, Stanley's claims involve three separate dental issues: (1) in March and April 2019, Stanley complained of a bothersome tooth, but Vulpitta offered no medical care; (2) in September 2019, Stanley asked the dentist to extract a second tooth during

3

the appointment to extract the first tooth but was refused; and (3) in October 2019, Stanley had a tooth crack and fall out but Nurse Camp, Nurse Davenport, and Nurse Kuiper refused to treat it. The record is disputed as to whether Stanley filed a formal grievance with respect to Vulpitta and his dental issue in April 2019. However, Stanley does not represent that he filed any grievances with respect to the other defendants and his dental needs in September 2019 and October 2019.

Stanley maintains that he was not required to file formal grievances with respect to these claims because inmates are not required him to submit multiple grievances on the same issue. He cites *Goodwin v. Maassen*, 2017 WL 395232, at *2 (W.D. Wis. 2017), which states:

> The PLRA leaves it to the individual states to establish their own administrative remedies and grievance procedures. In Wisconsin, the Wisconsin Administrative Code established a centralized system, the Inmate Complaint Review System (ICRS), through which all state prisoners submit their grievances. The Wisconsin Administrative Code also governs when the grievances should be submitted through the ICRS and how they are handled, but it does not expressly require inmates to file a new grievance each time he moves to a new facility. Defendants do not cite any provision showing such a requirement.
>
> Likewise, the case law does not impose such a requirement. Generally, inmates need not file multiple, successive grievances raising the same issue when the objectionable condition is continuing. The inmate must file separate grievances only if the underlying facts or the complaints are different.

Though the claims each involve dental care, they involve issues with different teeth at different times with different medical providers. Further, as a practical matter, Stanley's grievance in April 2019 could not have informed correctional officials of the issues with dental care and medical staff that arose in the months that followed. *See Strong v. David*,

4

297 F.3d 646, 650 (7th Cir. 2002). ("When the administrative rulebook is silent, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.").

Stanley also suggests that he was not required to submit grievances because the grievance specialist routinely refused to accept them. Even if Stanley believed that submitting a grievance was futile, "he had to give the system a chance." *Flournoy v. Schomig*, 152 F. App'x 535, 538 (7th Cir. 2005); *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 536 (7th Cir. 1999) ("No one can know whether administrative requests will be futile; the only way to find out is to try."). Therefore, the court denies the motion for summary judgment with respect to the claim against Vulpitta but grants the motion with respect to Wexford Medical Services, Nurse Camp, Nurse Davenport, and Nurse Kuiper.

<u>Request for Appointment of Counsel</u>

Stanley also requests appointment of counsel due to limited access to the law library. "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (*citing Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). However, in some circumstances, the court may ask counsel to volunteer to represent indigent parties.

> When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?

5

*Pruitt*, 503 F.3d at 654. Stanley has demonstrated that he has made a reasonable attempt to obtain counsel. Thus the court must inquire as to whether he is competent to litigate his case.

Stanley now proceeds on a single Eighth Amendment claim against Vulpitta for failing to adequately respond to his requests for dental care in March and April 2019. This claim is not particularly legally or factually complex, and his filings show that he is capable of effectively articulating the facts of his case and advocating on behalf of himself. As set forth above, Stanley successfully defended against a motion for summary judgment on one claim, and, though he did not prevail on other claims, he made cogent, reasonable arguments to that end with relevant legal citations.

Further, at this stage of the proceedings, the court will either hold an evidentiary hearing on the issue of whether Stanley submitted a formal grievance with respect to his claim against Vulpitta or proceed to discovery on the merits. Nothing in the record suggests that Stanley is incapable of testifying or asking relevant questions about the grievance at evidentiary hearing, serving and responding to written discovery requests, or testifying about his dental issues at a deposition. While limited law library access may impede his pursuit of this lawsuit, the proper course is to file a motion for an extension of time. In sum, the court finds that Stanley is competent to litigate this case at this stage of the proceedings and denies the request for counsel. Nevertheless, Stanley may file another motion for recruitment for counsel if this case proceeds to trial.

For these reasons, the court:

(1) GRANTS the motion to withdraw (ECF 36);

(2) DENIES the motion for summary judgment (ECF 28) with respect to P. Vulpitta but GRANTS the motion in all other respects;

(3) DISMISSES Wexford Medical Services, Nurse Camp, Nurse Davenport, and Nurse Kuiper;

(4) ORDERS P. Vulpitta to file a notice by September 28, 2020, as to whether she intends to withdraw the exhaustion defense or proceed with a hearing in accordance with *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008);

(5) CAUTIONS P. Vulpitta that, if she does not respond by this deadline, the affirmative defense of failure to exhaust administrative remedies will be waived; and

(6) DENIES the request for counsel.

SO ORDERED on August 28, 2020

/s/ JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT